UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THREE THREADS, LLC | : | NUMBER _____ |
| | : | |
| VERSUS | : | DIVISION "_____" |
| | : | |
| SAMANTHA LANIER | : | MAGISTRATE _____ |
| | : | |
| | : | JUDGE _____ |

**COMPLAINT FOR TRADEMARK & COPYRIGHT INFRINGEMENT**

**NOW INTO COURT**, comes Three Threads, LLC ("**Three Threads**"), by and through its undersigned counsel, and for its complaint against Defendant, Samantha Lanier, d/b/a Sam Lanier, d/b/a Sam Lanier Designs, d/b/a SugarCane Home (collectively referred herein as "**Lanier**"), respectfully represents as follows:

**PARTIES**

1.      Plaintiff in this proceeding is **Three Threads, LLC**, a limited liability company organized in accordance with the laws of the State of Louisiana and in good standing with the Louisiana Secretary of State, domiciled in Baton Rouge, Louisiana 70808.

2.      Named Defendant in this proceeding is **Samantha Lanier**, an individual of the full age of majority residing in St. Tammany Parish, Louisiana, at 56 Oak Park Drive, Madisonville, Louisiana 70447.

- 1 -

**JURISDICTION**

3.      This is an action for (i) copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et. seq.; (ii) trademark infringement arising under the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et. seq. ("Lanham Act"); (iii) trademark infringement and violation of Louisiana trademark laws, La. Rev. Stat. 51:211 et. seq.; and (iv) unfair trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, et. seq., ("LUTPCPL"). This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper is this Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

5.      As early as at least 2009, Plaintiff, Three Threads, has been engaged in the business of creating and designing artistic works and home décor items for customers, including particularly, but without limitation the marketing, distribution, and sale, retail and wholesale, of various 2-D and 3-D visual works such as glassware bearing Three Threads Original Oyster paintings, stone coasters bearing Three Threads Original Oyster paintings, Three Threads Original Oyster paintings on canvas and other mediums, gold painted and/or trimmed and glossed natural oyster shells, gold painted and/or trimmed

and glossed natural oyster shells mounted on canvas and other mediums, and other paintings (collectively referred herein as "Three Threads Works").

6.      The underlying concepts, designs, and expressions of Three Threads Works were originally created and advertised by Three Threads and have grown into a brand that is sold in retail stores across the state of Louisiana and other states along the south and east coasts, as well as directly to customers through the internet from its website, Facebook page, Instagram page, Etsy shop, and other web based marketplaces. Thus, Three Threads Works have been publically advertised and sold on the internet and in retail stores across the nation from at least as early as 2011.

7.      As original author of these works, Three Threads exclusively owns the copyrights to each and all of its artistic designs and expressions thereof. Three Threads has filed an application for registration of its "Three Threads Original Oyster" with the United States Copyright Office. The application and fee has been received by the Copyright Office.

8.      Furthermore, Plaintiff is the senior user and exclusive owner of trademarks, FORGET THE PEARL and LOVINGLY MADE IN LOUISIANA, under both federal and state trademark laws. Notably, Three Threads has extensively used these marks in interstate commerce in connection with the marketing, promoting, advertising, and selling of its works since as early as July 2015 and September 1, 2014, respectively. In addition, Three Threads has registered these marks with the Louisiana Secretary of State, which registrations remain in full force and effect bearing registration numbers 10786278#N8Q83 and 10786280#VAR93, respectively.  (Exhibit "A" and Exhibit "B").

9.      Three Threads' business website, sbynumart.com, has contained the following reservation of rights and notices since at least 2015:  "2009–2017 Three Threads, LLC. All Rights Reserved. "S.Bynum Art", "Sallie Bynum Anzelmo Art & Decor", "Lovingly Made in Louisiana", and "Forget the Pearl" are trademarks of Sallie Bynum Anzelmo and Three Threads, LLC, respectively. Unless otherwise noted, all images are photographed and copyrighted by Sallie Bynum Anzelmo and may not be reproduced without her written permission."

10.     In or around December 2016, Three Threads became aware that Lanier had been creating and continues to create substantially similar works to Three Threads' glassware, gold painted or trimmed and glossed natural oyster shells, gold painted or trimmed and glossed natural oyster shells on canvas, and had been and continues to upload, post, sell, and/or attempt to sell such works through various aliases on the internet, including Sam Lanier Designs and SugarCane Home, as well as in various retail stores in Louisiana, in direct competition with Three Threads.

11.     Furthermore, Defendant also routinely used the designations, FORGET THE PEARL and LOVINGLY MADE IN LOUISIANA ("Three Threads Marks") in promoting, displaying, and marketing the infringing goods as Lanier's own.

12.     Upon information and belief, Lanier used Three Threads Marks purposely to profit upon the goodwill and commercial magnetism of Three Threads' rapidly developing brand, reputation, and identity by unlawfully inducing third parties to associate her products and name with Three Threads and its proprietary marks.

- 4 -

13.     Defendant has made false representations, false descriptions, and false designations of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities in direct competition with Three Threads have caused a likelihood of confusion and deception amongst the public and, additionally, injury to the Three Threads' goodwill and reputation.

14.     Furthermore, upon information and belief, Defendant has willfully and intentionally copied Three Threads Works and Three Threads Marks and began creating substantially similar products with the same look and feel as Three Threads Works in direct competition with Three Threads, as evidenced by Defendant's incorporation and use of Three Threads Marks in conjunction with displaying such works as her own.

15.     In addition, only Three Threads, as copyright owner, has the exclusive rights to create and/or to authorize the creation of derivative works based upon its original copyrighted works and therefore, the virtually identical and/or substantially similar copies created by Lanier without Three Threads' authorization constitute derivative works in violation of 17 U.S.C. § 106 (2).

16.     In attempt to resolve this matter amicably, on or around January 31, 2017, Three Threads, through undersigned legal counsel, contacted Lanier by written correspondence sent certified mail, return receipt requested, notifying Lanier of her violations as to Three Threads' intellectual property rights and requested that Defendant immediately and permanently cease and desist from all further infringement upon Three Threads Works and Marks. (Demand Letter, Exhibit "C").

- 5 -

17.     On or around February 9, 2016, Three Threads, through undersigned legal counsel, received a response letter from legal counsel on behalf of Lanier, expressly denying any wrongdoing or liability regarding trademark infringement and/or copyright infringement. However, Lanier indicated that she had removed Three Threads Marks from all social media accounts and websites where her competing products are advertised for sale. (Lanier First Response, Exhibit "D").

18.     Defendant refused to comply with Plaintiff's amicable demand for Defendant to permanently cease and desist from further infringement of Three Threads Works.

19.     Despite further attempts to amicably resolve this matter through additional demand letters,  Lanier continues to display, promote, market, and sell/or attempt to sell visual works and products that are substantially similar to those of Three Threads, LLC. (Three Threads Response, Exhibit "E" and Lanier Second Response, Exhibit "F").

### FIRST COUNT
### ACTUAL DAMAGES FOR COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 504(b))

20.     Three Threads hereby realleges each and every allegation set forth in paragraphs 1-19, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

21.     Pursuant to 17 U.S.C. § 504(b), Three Threads is entitled to recover from Defendant , Samantha Lanier, all of its actual damages that it has incurred as a result of the Defendant 's infringement of Three Threads Works, specifically Three Threads

Original Oyster, including without limitation, loss of value, plus any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of infringement alleged above.

22.    In addition, Plaintiff is entitled, pursuant to 17 U.S.C. § 502, to an injunction enjoining Defendant,  and all persons acting in concert or participation with her, from infringing, copying, displaying, promoting, and/or selling or attempting to sell products substantially similar to that of Three Threads Works, specifically Three Threads Original Oyster.

**SECOND COUNT**
**STATUTORY DAMAGES FOR COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 504(c))**

23.    Three Threads hereby realleges each and every allegation set forth in paragraphs 1-22, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

24.    Alternatively and in the event Plaintiff subsequently elects to recover statutory damages in lieu of any actual damages, Plaintiff is entitled, pursuant to 17 U.S.C. § 504(c), to recover statutory damages, including attorneys' fees and legal costs, from Defendant, Samantha Lanier, as a result of Defendant's acts of intentional and willful infringement of Three Threads Works, specifically Three Threads Original Oyster.

## THIRD COUNT
## FULL COSTS AND ATTORNEYS' FEES FOR COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 505)

25.     Plaintiff hereby realleges each and every allegation set forth in paragraphs 1-24, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

26.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recover from Defendant, Samantha Lanier, all costs of this action, including attorneys' fees, as a result of Defendant's acts of intentional and willful infringement of Three Threads Works, specifically Three Threads Original Oyster.

## FOURTH  COUNT
## TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1051 et seq. ("Lanham Act"))

27.     Plaintiff hereby realleges each and every allegation set forth in paragraphs 1-26, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

28.     Defendant's acts referenced hereinabove constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion, to the irreparable injury of the Plaintiff unless restrained by this Court.

29.     The Three Threads Marks are distinctive, strong, and uniquely affiliated with Three Threads and its associated goods and products.

30.     Defendant's conduct has caused, and is likely to continue causing, confusion to the public and injury the Plaintiff, and therefore Plaintiff is entitled to recover actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. § 1125(a).

31.     Plaintiff is also entitled to injunctive relief under 15 U.S.C. § 1125(c).

**FIFTH  COUNT**
**TRADEMARK INFRINGEMENT**
**(La. Rev. Stat. 51:211 et. seq.)**

32.     Plaintiff hereby realleges each and every allegation set forth in paragraphs 1-31, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

33.     Defendant has additionally violated La. R.S. § 51:221 et. seq., specifically La. R.S. § 51:222 by her knowing and unauthorized use, offering for sale, or advertising of goods in connection with the unauthorized use of Three Threads Marks.

34.     Defendant made commercial use in commerce of the Three Threads Marks and Defendant's activities have caused dilution, in violation of Louisiana's anti-dilution statute, La. R.S. § 51:223.1, of the distinctive quality of these marks.  Defendant's conduct erodes the public's exclusive identification of these marks with Three Threads and Plaintiff is entitled to an injunction permanently enjoining Defendant from further diluting Three Threads Marks.

35.     Furthermore, Defendant willfully intended to trade upon Three Threads reputation and goodwill and to cause dilution of  the Three Threads brand in violation of La. R.S. § 223.1.

36.     Pursuant to La. R.S. § 51:221, Plaintiff seeks and is entitled to recover all damages sustained as a consequence of Defendant's infringement upon Three Threads' marks.

37.     In addition, Defendant is liable to the Plaintiff for all lawful remedies that may be granted by this Court pursuant to La. R.S. § 51:223, including but not limited to an award of all profits derived from the said violations, and/or damages suffered by such wrongful display or sale.

**SIXTH COUNT**
**UNFAIR TRADE PRACTICE**

**(La. Rev. Stat. §  51:1401, et. seq.)**

38.     Plaintiff hereby realleges each and every allegation set forth in paragraphs 1-37, inclusive, and by this reference fully incorporates the same as though fully set forth herein.

39.     Defendant's acts referenced hereinabove are unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff. Defendant's acts are also likely to cause confusion as to the source, authorship, affiliation, connection, or association of Defendant's goods with those of the Plaintiff.  Defendant's acts constitute unfair methods of competition or

unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R. S. § 51:1409.

40.    The actions of Lanier to promote her infringing works as her own constitutes unfair trade practices within the meaning of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. § 51:1401 et seq., and each day that Lanier continues to create, market, sell and/or attempt to sell infringed goods as her own without Plaintiff's authority constitutes a separate and continuing violation.

41.    As a result of Defendant's unfair trade practices, Defendant has caused and will continue to cause confusion to consumers and loss of money to the Plaintiff, and Plaintiff is therefore entitled to injunctive relief, actual damages, and recovery of its reasonable attorneys' fees.

**WHEREFORE, THREE THREADS, LLC PRAYS FOR JUDGMENT AS FOLLOWS:**

### ON THE FIRST COUNT

(i)    That, pursuant to 17 U.S.C. § 504, Defendant, Samantha Lanier, be ordered to pay Plaintiff, Three Threads, the amount of damages that Plaintiff has suffered as a result of Defendant's violation of Plaintiff's copyrights, including attorneys' fees and legal costs, plus any gains, profits and advantages obtained by Defendant as a result of Defendant's acts of copyright infringement; and

(ii)    That, pursuant to 17 U.S.C. § 502, Defendant, and all persons acting in concert or participation with Defendant, be permanently enjoined from infringing,

copying, displaying, promoting, and/or selling or attempting to sell products substantially similar to that of Three Threads Works; and

(iii)     That the Plaintiff be awarded such other and further relief as this Court deems just and proper.

### ON THE SECOND COUNT

(i)     Alternatively and in the event Plaintiff should hereinafter elect to receive statutory damages in lieu of the recovery of Plaintiff's actual damages pursuant to Plaintiff's prayer hereinabove, Plaintiff prays for statutory damages against the Defendant, Samantha Lanier, pursuant to 17 U.S.C. § 504, in an amount deemed just by this Court for Defendant's intentional and willful violation of Plaintiff's registered copyrights, plus attorneys' fees and all legal costs; and

(ii)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

### ON THE THIRD COUNT

(i)     That Defendant, Samantha Lanier, be ordered, pursuant to 17 U.S.C. § 505, to pay Plaintiff, Three Threads, for reasonable attorneys' fees incurred by Plaintiff and be ordered to pay all costs, including all costs incurred by Plaintiff in bringing this action; and

(ii)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

- 12 -

**ON THE FOURTH COUNT**

(i)      That Defendant, Samantha Lanier, be ordered, pursuant to 15 U.S.C. § 1125(a), to pay Plaintiff, Three Threads, all actual damages, profits, enhanced profits and damages, costs, and reasonable attorneys' fees as a result of Defendant's unauthorized use of Plaintiff's Three Threads Marks.

(ii)      That, pursuant to 15 U.S.C. § 1125(c), Defendant, and all persons acting in concert or participation with them, be permanently enjoined from using, infringing, copying, displaying, promoting, and/or offering for sale, or advertising of goods in connection with Three Threads Marks; and

(iii)      That Plaintiff be awarded such other and further relief as this Court deems just and proper.

**ON THE FIFTH COUNT**

(i)      That Defendant, Samantha Lanier, be ordered, pursuant to La. R.S. § 51:221, to pay Plaintiff, Three Threads, for all damages due to Defendant's knowing and unauthorized use of Plaintiff's marks, including all profits derived from the said violations, and all other damages suffered by such wrongful display or sale as alleged above;

(ii)      That Defendant, Samantha Lanier, be ordered, pursuant to La. R.S. § 51:223, to pay Plaintiff, Three Threads, for all damages arising from Defendant's knowing and unauthorized use of Plaintiff's marks, including all profits derived from the

said violations, and all other damages suffered by such wrongful display or sale as alleged above; and

(iii)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

**ON THE SIXTH COUNT**

(i)     That Defendant, Samantha Lanier, be ordered, pursuant to La. R.S. § 51:1409, to pay Plaintiff the monetary damages and losses suffered by Plaintiff as a result of Defendant's unfair and deceptive acts, including attorneys' fees, all as alleged above;

(ii)     That, pursuant to La. R.S. § 51:1409, Defendant, and all persons acting in concert or participation with them, be permanently enjoined from unfair and deceptive trade practices as alleged above; and

(ii)     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By:     s/Charles A. Anzelmo_____
        Charles A. Anzelmo #37015, T.A.
        Marc S. Whitfield #18534
        L. Adam Thames #32722
        P.O. Box 2471 (70821)
        450 Laurel Street, 8th Floor
        Baton Rouge, LA 70801
        Telephone:  (225) 387-3221
        Charles.Anzelmo@taylorporter.com
        Marc.Whitfield@taylorporter.com
        Adam.Thames@taylorporter.com

- 14 -

Please **WITHHOLD SERVICE** on:

**Samantha Lanier**
56 Oak Park Drive
Madisonville, Louisiana 70447